**UNITED STATES of America and James P. John, Special Agent, Internal Revenue Service**

v.

**NEW ENGLAND TELEPHONE COMPANY and Jane Cournoyer, Assistant Manager**

v.

**Vincent VALLARINO.**

**No. CM79–60.**

United States District Court, D. New Hampshire.

May 28, 1981.

Robert J. Flynn, Boston, Mass., Vincent P. Dunn, Concord, N. H., for defendant.

Robert T. Kennedy, U. S. Atty., Concord, N. H., Robert G. Nath, Washington, D. C., for plaintiff.

**ORDER ON MOTION FOR RECONSIDERATION**

LOUGHLIN, District Judge.

This is an action to enforce Internal Revenue Service summons pursuant to §§ 7402(b) and 7604(a) of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7402(b), 7604(a).

After Special Agent James John served a summons on New England Telephone Co. requesting certain books, papers and records, etc. pertaining to federal tax liabilities of Vincent Vallarino for 1975, 1976 and

1977, Vincent Vallarino filed a motion for leave to intervene, which Magistrate William H. Barry, Jr., granted on January 2, 1980. Magistrate Barry, later withdrew his order and set the matter for briefing and hearings. On February 26, 1980 Magistrate Barry filed his Report and Recommendation and this court on February 29, 1980 adopted the Magistrate's Recommendation that the taxpayer's motion for leave to intervene be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 60(b) of the Federal Rules of Civil Procedure, the government objected to the Recommendation and petitioned the court for Reconsideration on the grounds that New England Telephone Co. was not a third-party record keeper, as defined by 26 U.S.C. § 7609(a)(3). In its March 24, 1980 order this court granted the motion for reconsideration abrogating its order of February 29, 1980 and declined to hold New England Telephone Co. as a third-party record keeper, citing the opinion of *U.S. v. New York Tel. Co.*, 80–1 U.S.Tax.Cas. ¶ 9460 (E.D.N.Y., Apr. 9, 1980) as authority for its decision. Subsequently, that decision was overturned by the Second Circuit in *U.S. v. N.Y. Tel. Co.*, 644 F.2d 953 (2nd Cir. 1981). New England Telephone Co. petitions the court for reconsideration of its March 24, 1981 order on the basis of that opinion.

The issue before this court is whether the Second Circuit opinion requires the court to reverse its decision of March 24, 1981 denying New England Telephone Co. status as a third-party record keeper.

Section 7609(a)(3) defines third party record keeper as:

(3) Third-party record keeper defined.— For purposes of this sub-section, the term "third-party record keeper" means—

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(d) of the Fair Credit Reporting Act (15 U.S.C. 1681a(f));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney; and

(F) any accountant.

Of the six categories, the only one that can be read as including New England Telephone Co. is § 7609(a)(3)(C). This court based its March 24, 1981 order on a number of factors. Citing the district court decision in *U.S. v. N.Y. Telephone Co.* the court stated that the mere fact that the telephone company issues credit cards does not change its status to that of a third-party record keeper. This court also rejected the telephone company's argument that its practice of billing in arrears and allowing a telephone user to bill to a third number were analogous to the practices of credit card companies, thus bringing the telephone company under § 7609(a)(3)(C). Finally, this court stressed the fact that the taxpayer, Vincent Vallarino, was never issued a credit card by the telephone company during the period covered by the IRS summons and therefore the summons did not request production of records pertaining to credit card transactions during that period.

The Second Circuit in overturning the district court decision in *U.S. v. N.Y. Telephone Co.* expressed skepticism about two arguments made by the telephone company to qualify as third-party record keeper, that of billing in arrears and allowing customers to bill to a third number. Instead, the court based its decision on the telephone company's claim to third-party record keeper status because it extended credit through the use of credit cards. However, implicit in the Second Circuit's reasoning is the conclusion that the mere extension of credit cards did not automatically entitle the telephone company to third-party record keeper status. The court describes at length the various practices of New York Telephone

Co., in connection with issuing credit cards, that bring it under the third-party record keeper class envisioned by Congress. The telephone company receives applications for credit cards with a view to the quality of the credit risk. There is an extra charge for a call charged to a credit card. Further the court reasons that the telephone company is not always the provider of the services for which payment is arranged, for example, calls made on other than the Bell System. The Second Circuit clearly based its decision not only on the fact that the N.Y. Telephone Co. issued credit cards, but, in other ways acted as an extender of credit, and thus kept records of its customers' transactions with third parties.

Secondly, the Second Circuit expressly concluded that in light of the credit card operations of the telephone company, plus the fact that the taxpayer was a credit card holder and that the summons was broad enough to include records pertaining to the taxpayer's credit card transactions, § 7609(a)(3)(C) applied.

In the instant case, even if New England Telephone Co. were engaged in activities similar to those of N.Y. Telephone Co. entitling it to third-party record keeper status, Vincent Vallarino, the taxpayer in the instant case is not a credit card holder with the telephone company, and consequently the summons at issue does not relate to his credit card transactions with New England Telephone Co.

The Second Circuit cites other judicial interpretations of § 7609 that it finds consistent with its own. They are particularly helpful in the instant case. In *U.S. v. Exxon*, 450 F.Supp. 472 (D.Md.1978) the government sought records relating to Exxon's lease of real property from the taxpayer. The court concluded that Exxon did extend credit through credit cards, but that the records sought by the summons were not the credit records of the moving party and therefore did not involve the kind of business transactions Congress intended to cover by this legislation. In *U.S. v. Manchel, Lundy and Lessin*, 477 F.Supp. 326 (E.D.Pa. 1979). A taxpayer petitioned to intervene in a proceeding brought by the government to obtain financial records by a law firm which formerly employed him. § 7609(a)(3)(E) includes "attorney" in its definition of third-party record keeper. However, the court decided that no third-party record keeper relationship existed since the records sought related only incidentally to the taxpayer and were in reality kept only for business purposes, giving the taxpayer no rights from such a relationship.

Therefore, the deciding factors in the Second Circuit opinion were that the telephone company participated in activities beyond the mere issuing of credit cards, qualifying the company as an extender of credit and that the summons in question was directed at the records of a credit card holder and was broad enough to include records relating to the taxpayer's credit card transactions.

In the instant case, while the New England Telephone Co. as a credit card issuer may be a third-party record keeper in some instances, the facts do not supply the second essential element required by the Second Circuit decision, that the taxpayer be a credit card holder and that the summons include records relating to credit card transactions. Since the Second Circuit decision is not applicable to the facts in this case, the motion for reconsideration is denied.