UNITED STATES of America and John Kennedy, Special Agent, Internal Revenue Service, Petitioners,

v.

NEW YORK TELEPHONE CO. and Howard Baskin, Respondents.

No. M–18–304.

United States District Court, S. D. New York.

Oct. 23, 1981.

Cathy R. Silak, Asst. U. S. Atty., S. D. N. Y., New York City, for government.

Lon S. Bannett, New York City (Harold S. Levy, counsel) New York City, for New York Tel. Co.

Paul Friedman, New York City, for Marilyn Sheldon, Intervenor.

MEMORANDUM AND ORDER

PALMIERI, District Judge.

This is a summary proceeding for the enforcement of an Internal Revenue Service (IRS) summons served on the New York Telephone Company (the telephone company) and its security supervisor, Howard Baskin. The summons requested the production of records maintained by the

telephone company dealing with the billings and payments relating to certain telephone numbers used by one Marilyn Sheldon (Sheldon), a taxpayer under investigation. The summons was within the coverage of 26 U.S.C. § 7609(c), thus requiring notice if it were served on a "third-party recordkeeper," the relevant definition of the term for the purpose of this proceeding being "any person extending credit through the use of credit cards or similar devices," 26 U.S.C. § 7609(a)(3)(C). The telephone company was stayed from compliance because of Sheldon's written objection pursuant to § 7609(b)(2). The relevant statute, 26 U.S.C. § 7609(d)(2), makes it clear that no examination of any such records may be made except by court order in the absence of a proper intervenor's consent. The government now seeks by its petition to compel compliance with its summons, while Sheldon seeks to intervene in the proceedings and requests a dismissal of the petition.

The issue here raised was touched upon but left undecided by the Second Circuit in a very recent case, *United States v. New York Telephone Co.*, 644 F.2d 953 (2d Cir. 1981). The underlying statutory provisions are discussed in that case, and it would serve no useful purpose to repeat that discussion here. The essential holding of the case was that the procedure for notice to and intervention by the person to whom the requested records pertain embraced the telephone company and its credit card customer. The court emphasized that because the telephone company extended credit through the use of credit cards it came within the statutory definition. The court considered two additional arguments put forward by the telephone company to the effect that it came within the statutory definition of third-party recordkeepers extending credit through the use of devices similar to credit cards, "because certain of its policies, including that of permitting customers to place a call from one billing number to a second number and to have the charges billed to a third number, constitute the extension of credit through a device similar to a credit card; and . . . because its policy of

billing customers for telephone charges one month in arrears is also an extension of credit through a device similar to a credit card." *Id.* at 957. While rejecting the second of these arguments, the court left open a decision on the first, adding by way of a footnote (*id.* at 957 n.8):

These other practices present a closer question. They share some, but not all, of the characteristics of the credit card transactions and capabilities. Since we find the Telephone Company is a third-party recordkeeper because of its issuance of credit cards, we decline to reach the merits of this argument.

A recent decision, construing the Second Circuit holding just discussed and applying it to facts virtually identical to those presently before this court, resulted in the denial of a taxpayer's motion to intervene. *United States v. New England Telephone Co.*, 530 F.Supp. 274, 81–2 U.S. Tax Cas. ¶ 9486 (D.N.H.1981). The court recognized that the principal reason for the enactment of the statute in question was to ensure that the use of IRS summonses did not unreasonably interfere with the privacy interest of taxpayers; and that in the case of true credit card companies, the records of credit card holders' dealings with other businesses accepting the credit card are within the statutory purpose and definition. The court pointed out that the extension of credit through normal billing records is a record of the company's transactions, not the customer's.

We are persuaded by this reasoning. The summons here in question is not directed to the telephone company as an extender of credit or as a third-party recordkeeper within the purview of the statute. Sheldon does not hold a credit card. The documents sought by the government are substantially routine billing records. There is no evidence that the telephone company has extended any credit to Sheldon "through the use of credit cards or similar devices." Congress must speak with a clearer voice and in more precise terms before this statute can be read to embrace the kinds of records covered by the IRS summons in question.

Since we find that Sheldon has no right to intervene, the objections she raises to the summons are not properly before this court. We also need not address the issue raised by the telephone company that, in distinguishing between those with and without credit cards for purposes of § 7609, taxpayers with credit cards under future investigation will be improperly denied their right to intervene because "the government [will be] unaware of the existence of a credit card or [will choose] to ignore such knowledge." This problem is not before us. It must wait disposition if and when the concrete issue is presented.

Motion to intervene is denied. The telephone company is directed to proceed with compliance. It is so ordered. A formal order may be submitted on notice if either party is so advised.