**UNITED STATES of America and James Lynch, Special Agent of the Internal Revenue Service, Petitioners,**

v.

**CHESAPEAKE & POTOMAC TELEPHONE COMPANY and Clayton Brown, Custodian of Records, Respondents.**

**Misc. No. 83–124.**

United States District Court,
District of Columbia.

June 8, 1983.

---

Patricia Scott-Clayton, Tax Div., Dept. of Justice, Washington, D.C., for petitioners.

Diane L. Herndon, Washington, D.C., for respondents.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

On May 4, 1982, Special Agent James Lynch personally served an Internal Revenue Service (IRS) summons on respondent Clayton Brown, the Custodian of Records for the Chesapeake & Potomac Telephone Co. (C & P) in connection with the IRS' investigation of the tax liability of Carten A. Warren for the years 1977 through 1980. The IRS summons directed respondents to produce for examination all available toll records, applications for service and the purchase of equipment, and correspondence files relating to the subject taxpayer. Exhibit A to Petition to Enforce IRS Summons. Special Agent Lynch gave notice of service of the summons on the respondents to the taxpayer and his attorney on May 6, 1982. On May 10, 1982, counsel for the taxpayer wrote to C & P directing it not to comply with the summons.

In response to the taxpayer's request, the respondents declined to comply with the IRS summons. As grounds for this resistance, respondents assert that C & P is merely a "third-party recordkeeper" within section 7609(a)(3) of the Internal Revenue Code, 26 U.S.C. § 7609(a)(3) (1976), and therefore, the taxpayer was properly exercising his statutory right to stay compliance by the third-party recordkeeper under section 7609(b)(2).[1] On April 22, 1983, the IRS filed a petition for judicial enforcement of the summons pursuant to sections 7402(b) and 7604(a) of the Internal Revenue Code. Shortly thereafter, on April 26, 1983, Judge June Green of this Court issued an Order to Show Cause why respondents should not be compelled to obey the IRS summons. On May 13, 1983, respondents moved to vacate the Order to Show Cause and to dismiss the pending petition to enforce the IRS summons, to which the petitioners have filed an opposition.

Respondents assert that C & P qualifies as a third-party recordkeeper under section 7609(a)(3)(C), which includes "any person extending credit through the use of credit

---

1. The third-party recordkeeper provisions of the Internal Revenue Code were amended by the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 248, 96 Stat. 324, 97th Cong., 1st Sess. (1982), but those amendments only apply to summonses served after December 31, 1982. Since the summons in this proceeding was served on May 4, 1982, the 1982 amendments do not apply to this case.

cards or similar devices." 26 U.S.C. § 7609(a)(3)(C). Although C & P concedes that the subject taxpayer was not a telephone credit card holder, it asserts that it qualifies as a third-party recordkeeper because it extends credit through "similar devices," such as billing in arrears and third-number billing. Respondents rely heavily on a recent Second Circuit decision, *United States v. New York Telephone Co.*, 682 F.2d 313 (2d Cir.1982), in which the court held that a telephone company was a third-party recordkeeper even though the taxpayer under investigation in that case was not a holder of a telephone company credit card. The court determined that the telephone company was a third-party recordkeeper under section 7609(a)(3)(C) because the telephone company's other billing records pertaining to the subject taxpayer involved similar extensions of credit, which were virtually identical in form and substance to credit card records, and which revealed the same private information about a customer. *Id.*, at 318.

Petitioners, on the other hand, relying on contrary authority, *see United States v. New England Telephone Co.*, 530 F.Supp. 274 (D.N.H.1981), maintain that C & P is not a third-party recordkeeper in this case because the taxpayer is not the holder of a C & P credit card, and moreover, the records sought are not related to credit card transactions. Because of the posture of this case, however, we find it unnecessary to reach this issue.

■ The issue of whether or not C & P is a third-party recordkeeper is irrelevant to the matter of whether the present summons should be judicially enforced in this case, since the taxpayer has not formally moved to intervene or to quash the summons pursuant to section 7609(b). Section 7609 of the Internal Revenue Code was enacted by Congress to provide limited protection against unreasonable infringements upon the civil rights of taxpayers through IRS's resort to third-party summonses. *United States v. New York Telephone Co.*, 682 F.2d at 313. Prior to the enactment of section 7609 a taxpayer did not have standing as of right in an enforcement proceeding against a party in possession of records relating to the taxpayer merely because the taxpayer's tax liability was the subject of the summons. *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971).

The limited protection afforded by section 7609 takes the form of granting the taxpayer standing to intervene and contest enforcement of the summons on the theory that the taxpayer is the true interested person in an enforcement proceeding involving a third-party recordkeeper. *United States v. New York Telephone Co.*, 682 F.2d at 316. As the Second Circuit noted, section 7609:

> was designed, however, to give the taxpayer only a procedural right to intervene; *it did not in any way expand either the taxpayer's substantive rights or the grounds on which enforcement of an I.R.S. summons might be resisted.* (emphasis supplied).

*Id.*

■ In this case, the taxpayer has not bothered formally to intervene in this proceeding or moved to quash the instant summons. Had the taxpayer moved to intervene, he would have been able to challenge the summons on the grounds that the investigation was not being conducted pursuant to a legitimate purpose, or that the information sought was already within the Commissioner's possession, or that proper administrative steps were not followed. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). There is no independent privilege created by section 7609 in a third-party recordkeeper to withhold information sought pursuant to an IRS summons, and therefore, we conclude that respondents' motion to vacate the Order to Show Cause and to dismiss the petition is without merit. Accordingly, it is by the Court this 8th day of June, 1983,

ORDERED that respondents' motion to vacate the Order to Show Cause and to dismiss the petition be and the same hereby is denied; and it is

FURTHER ORDERED that respondents appear before Special Agent James Lynch, or his designated representative, at a time and place which is to be mutually agreed upon, then and there to be sworn, to give testimony, and to produce for examination and copying the books and records demanded by the summons served upon respondents on May 4, 1982, in connection with the investigation of Carten A. Warren, the examination to continue from day to day until completed.