**UNITED STATES of America and Vincent Mercugliano**

v.

**FIRST BANK.**

**Misc. No. N.H.–588.**

United States District Court, D. Connecticut.

Sept. 27, 1983.

Kurt F. Zimmerman, Asst. U.S. Atty., New Haven, Conn., for plaintiff.

Alice Bruno, New Haven, Conn., for defendant.

## RULING ON PETITION TO ENFORCE INTERNAL REVENUE SUMMONS

ELLEN B. BURNS, District Judge.

The Internal Revenue Service (I.R.S.) has petitioned to enforce an Internal Revenue summons served on First Bank to produce any testimony, books, records, papers and other data relating to the bank's financial transactions with Aristotle Stamatien, of West Haven, Connecticut. The I.R.S. sought the information to determine the accuracy of Stamatien's federal income tax returns and liabilities for the taxable years 1979, 1980, and 1981.

First Bank refused to comply with the summons on the ground that the I.R.S. had not complied with Section 36–9 of the Connecticut General Statutes. That section authorizes disclosure of financial records pursuant to a lawful summons "if such ... summons ... is also served upon the customer whose records are being sought, at least ten days prior to the date on which the records are to be disclosed, provided a court of competent jurisdiction, for good cause, may waive service of such ... summons ... upon such customer ...." In contesting the summons, First Bank points to the fact, undisputed by the government, that the bank account for which the disclosure is sought is a joint account. Although notice was served upon the taxpayer, Mr. Stamatien,[1] notice of the summons was not served upon the co-holder, nor was service on such co-holder waived by a court of competent jurisdiction under Conn.Gen.

Stat. Section 36–9. Disclosure of Mr. Stamatien's records would necessarily disclose the records of an individual to whom no notice was given. First Bank points to its vulnerability under Conn.Gen.Stat. Section 36–9n, which provides criminal penalties for bank officers who knowingly furnish financial records in violation of the Connecticut act.

The government argues that under the Supremacy Clause, art. VI cl. 2 of the United States Constitution, the federal Right to Financial Privacy Act of 1978, 12 U.S.C. Sections 3401 et seq., preempts the Connecticut Financial Privacy Act. Further, it argues that under the Internal Revenue summons procedures, 26 U.S.C. Section 7609(a), no notice is required to be given to a co-holder.[2]

Section 7609(a) of the Internal Revenue Code (I.R.C.) requires that if a summons is served on any third party recordkeeper such as a bank, and the summons requires the production "of any portion of records made or kept of the business transactions or affairs of *any person (other than the person summoned)* who is identified in the description of the records contained in the summons," then notice must be given to the person so identified "within 3 days of the day in which service is made, and no later than fourteen days before such records are to be examined." (emphasis added).

The issue of whether a co-holder who is not the target of the I.R.S. inquiry is required to be given notice appears to be one of first impression. This Court finds that Congress did not intend to limit notice to the taxpayer who is the immediate subject of the summons.

The legislative history of Section 7609 indicates a Congressional intent to protect

---

1. In its memorandum in support of its petition to enforce the summons, the government mistakenly asserted that Mr. Stamatien was not given notice but that none was needed under 26 U.S.C. Section 7609(c)(2)(B). However, the government conceded in oral argument, and indeed in the affidavit of Special Agent Mercugliano, that notice was given, and that the summons was as required by Section 7609(a).

2. The government has not argued that the co-holder should not be given notice because he fits within one of the delineated exceptions, such as 26 U.S.C. Section 7609(g), which allows the IRS to dispense with notice if the court finds that notice might lead to attempts to conceal or destroy the records sought. Rather, the government's position is that the co-holder does not even pass the initial threshold inquiry of being within the scope of Section 7609(a).

the right of privacy of each person relating to whose business or transactions the records are kept. There are repeated references to the taxpayer "and other noticees". It is not just the targeted taxpayer who is entitled to notice and to challenge the summons. H.R.Rep. No. 658, 94th Cong., 2d Sess. 307–309, reprinted in [1976] U.S.Code Cong. & Ad.News 2897, 3203–3205; S.Rep. No. 938, 94th Cong., 2d Sess. 369–371, reprinted in [1976] U.S.Code Cong. & Ad.News 3798–3801.

Although a literal reading of Section 7609(a)(1)(B) might suggest notice should be confined only to the party identified by name in the summons, such a construction, giving only the targeted taxpayer notice and denying the same to a party with a coextensive interest in the records, cannot be justified in light of this history.

Courts have stated that the test for determining whether a party must be given notice is a relatively straightforward two part inquiry:

(1) the third party must be a "recordkeeper," under the statutory definition and

(2) the summons must actually seek records of the taxpayer's business transactions. *Barnhart v. United Penn Bank*, 515 F.Supp. 1198, 12022 (M.D.Pa.1981).

■ There is no dispute that First Bank is a recordkeeper. Under the second prong, although the purpose of this I.R.S. summons is not to examine the co-holder's business records, the effect of the summons is just that: there is no evidence that the records for the account in question relate only to Mr. Stamatien's activities. Under Connecticut law, co-holders of a joint account are each considered owners of the entire account, with access to the entire amount therein. *See, e.g.* Conn.Gen.Stat.

Section 36–3(1).[3] Therefore, the summons does require the bank to reveal information regarding the co-holder's property.

■ A related inquiry is whether a movant has the right to intervene in a summons enforcement proceeding, under 26 U.S.C. Section 7609(b). A right to intervene exists only if movants are persons entitled to notice under 26 U.S.C. Section 7609(a), *United States v. Exxon Company*, 450 F.Supp. 472, 474 (D.Md.1978). In deciding if a taxpayer who was a lessor of the target of the summons had the right to intervene, the court in *United States v. Exxon, supra*, looked to see if the movant had a significantly protectable proprietary interest in the records. *Id.* at 479. It was decided that the relationship of the movant to the records sought was tangential, so that the movant was not a person entitled to notice, and thus he could not intervene. In the present case, the co-holder clearly has a protectable proprietary interest in the account and the records sought. Under the above analysis, and in light of the legislative history, the co-holder should be entitled to notice.[4]

■ Although this Court agrees with the respondent that the co-holder is entitled to notice of the summons, such a finding is predicated on a federal statute rather than the state law. In this respect, petitioner was correct that, under the Supremacy Clause, the state Financial Privacy Act must give way to the federal scheme when there is a conflict. *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 157, 98 S.Ct. 988, 994, 55 L.Ed.2d 179 (1978); *In re Grand Jury Subpoena (Connecticut Savings Bank)*, 481 F.Supp. 833, 834 (D.Conn.1979). The Financial Privacy Act of 1978, 12 U.S.C. Section 3401 et seq., specifically allows for disclosure of financial records in

3. Section 36–3(1) reads in part:
   When a deposit has been made in this state in any state bank ... in the names of two or more persons and in form to be paid to any one or the survivor ... such deposit or account ... shall be held for the exclusive use of such persons *and may be paid to any of them during the lifetime* of all of them or to the survivor or survivors after the death of one or more of them, and such payment and the receipt or

acquittance of the person or persons to whom such payment is made shall be a valid and sufficient release and discharge for all payments so made. (emphasis added).

4. Although not at issue presently, it would follow that once the co-holder received notice of the summons, he would be entitled to intervene in the proceeding under 26 U.S.C. Section 7609(b).

accordance with Internal Revenue Code (I.R.C.) procedures, 12 U.S.C. Section 3413(c). And the Court has found that the I.R.C. requires the co-holder to be given the same 14 day notice under 26 U.S.C. Section 7609(a) as was given to Mr. Stamatien. The state's ten day notice provision must give way to this greater protection afforded by federal statute.[5]

■ The federal district court is the appropriate testing ground for the enforceability of an I.R.S. summons, and First Bank's concern that it would be violating state law in complying with a federal order was legitimate. *United States v. Interstate Bank of Oak Forest*, 80–1 US Tax Cas. (CCH) ¶ 9272 (N.D.Ill.1980). Therefore, it is ordered that each party is to pay its own costs.

The petition to enforce the I.R.S. summons is denied without prejudice to reissuance with the requisite notice.

SO ORDERED.

---

**5.** Had this Court decided that 26 U.S.C. Sec. 7609(a)(2) did *not* require notice to a co-holder, the Supremacy Clause would still require the state notice provision to give way to federal statutes. See In re Grand Jury Subpoenas, supra.