**UNITED STATES of America**

v.

**Thomas K. CHRISTO.**

**Civ. No. 94–MC–32–JD.**

United States District Court,
D. New Hampshire.

Oct. 16, 1995.

T. David Plourde, Asst. U.S. Atty., U.S. Attorney's Office, Concord, N.H. and W. Stephen Muldrow, and Henry J. Riordan, U.S. Department of Justice, Tax Division, Washington, DC, for United States of America.

Thomas K. Christo appeared pro se.

*ORDER*

DiCLERICO, Chief Judge.

I herewith approve the Report and Recommendation of Magistrate Judge Muirhead dated September 22, 1995.

SO ORDERED.

***REPORT AND RECOMMENDATION***

MUIRHEAD, United States Magistrate Judge.

Before the Court is Petitioner's Motion to Vacate Order and For Issuance of Report

---

and Recommendation (document no. 10). For the following reasons, and subject to the following limitations, the motion is granted in part, denied in part and moot in part.

## Background

Petitioner brought this proceeding pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a) to enforce an Internal Revenue Service (IRS) collection summons issued to the Respondent. United States' Petition to Enforce Internal Revenue Service Summons at ¶¶ 6–9. A show cause hearing was conducted by Magistrate Judge William H. Barry, Jr., on January 10, 1995, and, following the submission of briefs by the parties, Respondent was ordered to comply with the summons. Order dated August 4, 1995 (Barry, M.J.).

Respondent was ordered to appear before an IRS officer in Portsmouth, New Hampshire on September 21, 1995, to give testimony and produce for examination books, records, papers and other related data as sought in the IRS's January 27, 1994 summons. *Id.* Petitioner now asserts that since the enforcement proceeding was authorized under 26 U.S.C. § 7604(a) an enforceable order for compliance with the summons cannot issue from a magistrate judge, rather it may only issue from a district court judge.

Petitioner requests that the Court vacate the Order dated August 4, 1995 (Barry, M.J.) and issue in its place, a report and recommendation containing the same findings of fact and conclusions of law to be considered, and presumably approved, by the presiding district court judge. Petitioner's Memorandum at ¶ 7.

## Discussion

As a preliminary matter, Petitioner failed to certify that it made a good faith attempt to obtain Respondent's concurrence in the relief requested as required by Rule 11(c) of the

United States Federal District Court for the District of New Hampshire.[1] As an apparent corollary to Petitioner's failure to seek Respondent's concurrence, Respondent also failed to either consent, object, or otherwise respond to the instant motion. Therefore, pursuant to Rule 11(d) of the United States Federal District Court for the District of New Hampshire the Court is authorized to rule on the motion.[2]

■ The fundamental issue presented by Petitioner's motion is whether the magistrate judge may properly order enforcement of an IRS summons pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a). The short answer is no, a magistrate judge may only issue a report and recommendation subject to *de novo* review by a presiding district court judge.

As Petitioner properly points-out, this precise issue was before this Court in *Tulchinsky et al. v. Internal Revenue Service*, Civ. No. 90–421–S (D.N.H. July 31, 1991) (Barry, M.J.). In that case, Magistrate Judge Barry

> issued a ruling which purported to *order* enforcement of two Internal Revenue Service summonses.... The purported order ... should have been captioned "Report and Recommendation," and as with all report and recommendations issued in this court, the parties should have been advised of their right to file an objection to the recommendation and receive *de novo* review of the matter before the presiding judge.

*Id.* at 1 *approved by Tulchinsky et al. v. Internal Revenue Service*, Civ. No. 90–421–S (D.N.H. February 24, 1992) (Stahl, J.).

The basis for the Court's ruling in *Tulchinsky*, and the basis for the ruling in this case, rests in a strict judicial interpretation of 26 U.S.C. §§ 7402(b) and 7604(a). Both statutes confer jurisdiction over IRS summons enforcement proceedings in the district

---

**1.** Counsel for the government, both locally and in Washington, D.C. are hereby on notice that subsequent failure to comply with the provisions of the Rules of the United States District Court for the District of New Hampshire will not be met with leniency.

**2.** Local Rule 11(d) of the United States Federal District Court for the District of New Hampshire provides: "[u]nless within ten (10) days after the filing of a motion and memorandum by a party, the other party files written objection thereto with memorandum, he shall be deemed to have waived objection, *and the court may act on the motion.*" (emphasis added).

court. Accordingly, consideration of IRS summons enforcement proceedings by a magistrate judge is limited by the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) which provide that the magistrate judge may only issue proposed findings and/or reports and recommendations, as opposed to final orders.

Despite the August 4, 1995 Order issued in this case, it has routinely been the practice in this Court that the magistrate judge issue proposed orders or reports and recommendations upon consideration of administrative subpoena's and summonses. *Tulchinsky, discussed supra; United States v. Johnson,* MC–91–26–D (D.N.H. February 20, 1992) (Devine, S.J.) (district court judge approval of magistrate judge's report and recommendation recommending enforcement of IRS summons); *United States v. New England Telephone Co., et al.* 530 F.Supp. 274 (D.N.H. 1981) (Loughlin, J.) (action to enforce IRS summons pursuant to §§ 7402(b) and 7604(a)); *see also Secretary of Labor v. Sturm, Ruger & Co., Inc.,* 903 F.Supp. 239 (D.N.H.1995) (McAuliffe, J.) (disapproving magistrate judge's recommendation that the Court deny Secretary of Labor's application for an order enforcing an administrative subpoena).

Courts in other circuits also interpret §§ 7402(b) and 7604(a) as vesting jurisdiction solely in the district court. *United States v. Mueller,* 930 F.2d 10 (8th Cir.1991) (magistrate judge's order purporting to enforce IRS summons properly treated as a *proposed order* ); *see also United States v. First National Bank of Atlanta et al.,* 628 F.2d 871 (5th Cir.1980) (court of appeals construed magistrate judge's order as a *proposed disposition* and the district court's order as an adoption of the magistrate's proposal).

The Court notes that Petitioner does not proceed under Fed.R.Civ.P. 72. That rule provides that objections to magistrate judge's orders are to be filed within ten days. Although not articulated by Petitioner, there may be two apparent reasons for the tactical decision not to proceed under Fed.R.Civ.P. 72: (1) the instant motion was filed August 30, 1995, well beyond the ten-day limitation period; and, (2) a formal referral from a district judge of this Court does not appear in the record of this case. Fed.R.Civ.P. 72(a).

Although Petitioner called the Court's attention to *Tulchinsky,* it does not appear that Petitioner reviewed that case as closely as it could have.

Had petitioners in the first instance raised their objections with the presiding judge concerning the undersigned's authority to *order* enforcement of the summonses, the presiding judge could have simply construed the purported *order* as a report and recommendation and thereafter exercised *de novo* review. *See United States v. First Nat. Bank of Atlanta,* 628 F.2d 871, 873 (5th Cir.1980); *United States v. Southern Tanks, Inc.,* 619 F.2d 54 (10th Cir.1980); *United States v. Wisnowski,* 580 F.2d 149, 150 (5th Cir.1978).

*Tulchinsky,* Civ. No. 90–421–S at 3, n. 2 (D.N.H. July 31, 1991) (Barry, M.J.) (emphasis in original). Moreover, this matter is complicated by the fact that Petitioner's motion was presented to the Court only upon the expiration of the objection period, which coincides with the August 4, 1995 Order requiring Respondent to comply with the summons September 21, 1995.

Since the Court cannot be sure that Respondent complied with the purported August 4, 1995 Order, it is appropriate to further clarify the record.

In the event Respondent appeared on September 21, 1995 and complied with purported Order and summons, this matter is moot.

In the event Respondent failed to appear before the IRS, and based on the foregoing discussion, and consistent with *Tulchinsky,* it is hereby RECOMMENDED that the August 4, 1995 Order be

1. treated and construed as a Report and Recommendation;

2. that the mandatory language found at page three be construed as a recommendation to the presiding judge that the petition to enforce be granted in the manner described therein;

3. that the following paragraph be added at the end of the document:

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); and,

4. that the September 21, 1995 compliance date be amended to October 21, 1995 and the ten-day objection period to the newly issued Report and Recommendation begin to run upon receipt of this Report and Recommendation.

It is recommended that the motion (document no. 10) be granted in part, denied in part and rendered moot in part, consistent with the provisions described *supra.*

■ Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986).