**UNITED STATES of America and John H. Kerdus, Special Agent of the Internal Revenue Service, Petitioners-Appellees,**

**v.**

**Charles LUTHER and the Bible Institute of the Air, Inc., Defendants-Appellants.**

**UNITED STATES of America and John H. Kerdus, Special Agent of the Internal Revenue Service, Petitioners-Appellees,**

**v.**

**Charles LUTHER and The Bible Institute of the Air, Inc., Defendants,**

**C. W. Burpo, Applicant for Intervention-Appellant.**

**Nos. 71-2326 and 71-2327.**

United States Court of Appeals, Ninth Circuit.

July 6, 1973.

430

Charles W. Luther (argued), Luther & Luther, Sacramento, Cal., for defendants-appellants.

Stephen G. Fuerth (argued), App. Sec., Tax Div., Johnnie M. Walters, Asst. Atty. Gen., Fred B. Ugast, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., D. Dwayne Keyes, U.S. Atty., Bruce Babcock, Jr., Asst. U.S. Atty., Sacramento, Cal., Gilbert E. Andrews, Chief, App. Sec., Meyer Rothwacks, John P. Burke, Joseph H. Reiter, Tax Div., Dept. of Justice, Washington, D.C., for petitioners-appellees.

Before MERRILL, KOELSCH, and CARTER, Circuit Judges.

## OPINION

JAMES M. CARTER, Circuit Judge:

These appeals result from the issuance by the Government of a summons to The Bible Institute of the Air, Inc. (hereafter the Corporation) pursuant to Sec. 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602, for the records of the Corporation. Charles Luther, custodian of some of the Corporation's records, refused to comply with the summons, and an enforcement proceeding was instituted in the district court.

On March 22, 1971, following a hearing, the district court ordered the Corporation to turn over certain of its financial records to the Internal Revenue Service in connection with an examination of the returns of Burpo, the taxpayer, who was also the president and an employee of the Corporation, for the years 1965 through 1969.

The Corporation and Luther appeal in No. 71–2326. On March 22, 1971, the court made an order denying the petition of Burpo to intervene. He appeals in No. 71–2327.

We modify the scope of the summons and otherwise affirm both orders.

### Discussion

#### Appeal No. 71–2326

The Corporation and Luther present a multitude of contentions. None, except the scope of the summons, have merit. At the hearing it was stipulated that Cannon, the Internal Revenue agent, would testify that no recommendation for a criminal prosecution had been made and that the posture of the investigation was such that none could be made. Thus the issue of whether a recommendation for a criminal prosecution had been made, was removed from the case. Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) states:

"We hold that under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a

recommendation for criminal prosecution." p. 536, 91 S.Ct. p. 545.

Answering the contentions of the Corporation and Luther, we hold:

■ (1) The summons was properly issued, 26 U.S.C. §§ 7601, 7602, and the purpose was a legitimate one, i. e., to determine the correctness of Burpo's return.

■ (2) The relevance of the records was to ascertain if the Corporation's records supported the returns of its employee, the taxpayer Burpo. Foster v. United States (2 Cir. 1959), 265 F.2d 183, cert. den., 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261; United States v. Ruggeiro (9 Cir. 1970), 425 F.2d 1069. Any alleged lack of showing of a nexus between the Corporation and Burpo was clearly dispelled at the enforcement hearing.

■ (3) The Corporation's records were not at the time in the possession of the Internal Revenue Service. The fact that the Service may have had access to (a) statements filed by the Corporation with the State of Arizona, (b) records of banks as to checks issued by the Corporation, or (c) possession of Forms W–2 issued by the Corporation, showing withholding, does not destroy the Government's right to inspect the original and primary records of the Corporation.

■ (4) There was shown no abuse of process or discretion in the Court's denial of the request to explore whether there had been wiretapping, electronic surveillance, or a mail watch. See United States v. Bell (9 Cir. 1971), 448 F.2d 40.

Our holding does not preclude an inquiry into such matters on some subsequent occasion where the issue may be material. An inquiry into such matters at the hearing to enforce the summons would have been totally irrelevant. All the Government sought was an inspection of the records of the Corporation in order to ascertain the correctness of Burpo's income tax returns.

■ (5) The claim that prior required administrative steps were not taken, is without merit. 15 U.S.C. § 7605(c) was added by the Tax Reform Act of 1969, Pub.L.No. 91–172, § 121 (f), 83 Stat. 548, which was enacted on December 30, 1969, and was expressly applicable to taxable years after December 31, 1969. Id., § 121(g). Burpo's returns under examination were for the years 1965–1969.

■ Sec. 7605(c) required an assertion by the Secretary of the Treasury or his delegate, prior to an examination of church records, that he believed a church or specified similar organization was carrying on an unrelated trade or business, and notification thereof to the organization. Here the court was shown that the purpose of the inspection was to ascertain the correctness of Burpo's individual tax returns. Moreover, no proof was offered that the Corporation was a church or other organization within Sec. 7605(c).

■ (6) The contention of violation of a penitent-clergyman privilege is without merit. A clergyman must be a natural person. See Proposed Rules of Evidence for the United States Courts and Magistrates, Rule 506(a)(1). There is no suggestion in the record as to *how* a communication to the Corporation could violate the privilege. Our holding does not prevent a later determination at a time when the issue is properly raised and supported by a proper showing.

■ (7) The answer to the claim that the Government is engaged in a fishing expedition is without merit. Sec. 7602 authorizes the Secretary or his delegate "to fish". United States v. Giordano (8 Cir. 1969), 419 F.2d 564, 568, cert. den., 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970).

*The Scope of the Summons and Order*

We are not prepared to hold that the summons and the order were overly broad. It sought only records that reflected financial transactions and cov-

ered only the years 1965–1969, which corresponded with the years of the returns of Burpo, the taxpayer, then under examination. See Civil Aeronautics Board v. Hermann, 353 U.S. 322, 77 S. Ct. 804, 1 L.Ed.2d 852 (1957). The fact that the records called for were extensive is not material. The summons directed Charles W. Luther to appear, give testimony and produce the following records of The Bible Institute of the Air, Inc., for the years 1965 through 1969, inclusive:

> "Cash receipts journals, cash disbursement journals, general ledgers, general journals, subsidiary journals, real estate and depreciation (sic) ledgers, chart of accounts, records of contributions, bank statements, cancelled checks, copies of deposit tickets, check vouchers, check stubs, corporation minutes books, correspondent (sic) files, paid bills and invoices and any other records relating to the income and disbursements of the BIBLE INSTITUTE OF THE AIR, INC." The court order was identical.

The summons did not request the personal records of Luther but only the records of the Corporation. He admitted he had "some" of them.

We believe we may limit the scope of the summons and order, with some protection to the Corporation and without unnecessarily impeding the Government's examination.

■ As to (1) corporation minute books, (2) correspondence files, (3) paid bills, (4) invoices, and (5) other records, we impose the limitation that only such items in these categories which reflect the receipt or disbursement of money or relate to financial or property transactions of the Corporation or the taxpayer, Burpo, need be presented for inspection.

Representation has been made that all .or some of the Corporation records are in Arizona. We amend the order to provide that the records be produced at the place where they are located; that if the Corporation chooses, examination be made at such places rather than turning the records over to the Internal Revenue Service or transporting them to Sacramento.

#### Appeal No. 71–2327

The trial court denied Burpo's request to intervene in the summons enforcement proceeding against the Corporation, a third party, and denied his request for discovery. We affirm.

■ Such intervention is not a matter of right but the court in its discretion, upon showing by the taxpayer of some protectable interest, may permit intervention. Donaldson v. United States, 400 U.S. 517, 529–531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). No such interest was shown. The records were not Burpo's and no seizure would be made from him. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L. Ed.2d 176 (1969). Burpo had no standing to assert any Fifth Amendment privilege in records which did not belong to him, but to the Corporation. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); United States v. Bell, *supra*, 448 F.2d at 41 & n. 1. There was no abuse of discretion.

As to Burpo's claim of a penitent-clergyman privilege, it was not shown at the enforcement hearing how penitential communications could get into the financial records, and if they did, how they could retain their confidentiality in the hands of a third person, the Corporation.

The Corporation had its day in court and chose not to identify itself, except as a nonprofit corporation, organized for religious purposes. There was no showing it was a clergyman or a penitent, or even a church. It would have to be a clergyman or a penitent to claim the privilege.

The taxpayer may still assert a protectable interest, if he can properly describe one in future proceedings. *Donaldson, supra,* 400 U.S. p. 531, 91 S.Ct. 534. He is not foreclosed from subsequently attempting to support the penitent-clergyman privilege.

Both judgments are affirmed.