511 F.2d 1037
 75-1 USTC P 9301
 John W. and Edith GARRETT, Movant-Intervenors-Appellants,
v.
UNITED STATES of America and R. H. Kloosterman, Special
Agent, Internal Revenue Service, Petitioners-Appellees,
United California Bank and Steve Abrahamson, Operations
Manager, Respondents-Appellees.
 No. 74--2281.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 21, 1975.
 
 Jack R. White, of Hill, Farrer & Burrill (argued), Los Angeles, Cal., for appellants.
 Alfred S. Lombardius (argued), of Tax Div., Dept. of Justice, Washington, D.C., for appellees.
 OPINION
 Before KOELSCH and KILKENNY, Circuit Judges, and SOLOMON,* District Judge.
 PER CURIAM:
 
 
 1
 Taxpayers appeal from interrelated orders of the district court which deny them permission to intervene in an action by the Internal Revenue Service seeking to enforce a summons to taxpayers' bank requiring production of bank records relevant to a determination of taxpayers' tax liability.
 
 
 2
 The district court's denial of intervention was proper--this case is virtually on all fours with Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970). The intervene in a summons enforcement proceeding against a third party, taxpayers must, under Donaldson, demonstrate they have a 'significantly protectable interest.' 400 U.S. at 531, 91 S.Ct. 534. Even so, intervention is permissive only, and the district court will be reversed only for abuse of discretion. United States v. Luther,481 F.2d 429, 433 (9th Cir. 1973). None was here committed.
 
 
 3
 Several of the grounds of intervention raised by taxpayers' proposed answer are identical to those found insufficient to warrant intervention in Donaldson, and are likewise insufficient here. The addition of conclusory allegations, carefully tailored to the language of Donaldson, that a recommendation for prosecution has, or should have, been made, and that the government already possesses the evidence sought by the summons, does not alter the result.
 
 
 4
 The rationale of Donaldson, that intervention absent a showing of a 'significantly protectable interest' should not be allowed to frustrate administration of the tax laws while statutes of limitation are running, see United States v. Newman, 441 F.2d 165, 172--73 (5th Cir. 1971), is equally applicable to taxpayers' additional allegations, particularly as the taxpayers have offered nothing factually to support them. Such allegations are easily made. The court was not required to allow intervention, and the attendant discovery procedures necessary to support the allegations, to delay the investigation into taxpayers' tax liabilities, because, as the Court pointed out in Donaldson, 'the taxpayer, to the extent that he has such a protectable interest, as, for example, by way of privilege, or to the extent he may claim abuse of process, may always assert that interest or that claim in due course at its proper place in any subsequent trial. Cf. United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966).' Cf. United States v. Miller, 500 F.2d 751 (5th Cir. 1974); United States v. Oaks, 360 F.Supp. 855 (C.D.Cal.1973).
 
 
 5
 Likewise, resolution of taxpayers' Fourth and Fifth Amendment objections to the summons founded on the Bank Secrecy Act, Act of October 26, 1970, P.L. 91--508, 84 Stat. 1114, if not already foreclosed by California Bankers Ass'n v. Shultz, 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974); Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), and Donaldson, may await future attempt of the government to use the evidence produced in response to the summons. Particularly in light of the slim probability of successfully challenging the production of the bank's records on Fourth and Fifth Amendment grounds after Couch and California Bankers Ass'n, see Miller, supra, 500 F.2d at 756--57, it was not an abuse of discretion not to permit intervention to litigate the issue here.
 
 
 6
 Judgment affirmed.
 
 
 
 *
 The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation