UNITED STATES of America and Jerry W. Baker, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

Richard POPKIN, President of Popkin, Sharmin & Greenberg, Inc., Respondent-Appellant.

No. 78–2760.

United States Court of Appeals, Ninth Circuit.

July 11, 1980.

Harvey D. Tack, Hochman, Salkin & DeRoy, Beverly Hills, Cal., for respondent-appellant.

Robert E. Lindsay, Washington, D. C., argued for petitioners-appellees; Francis J. Gould, Charles E. Brookhart, Dept. of Justice, Washington, D. C., on brief.

Before MERRILL and ALARCON, Circuit Judges, and TEMPLAR,* District Judge.

PER CURIAM:

The Internal Revenue Service seeks enforcement of a summons issued to appellant in his capacity as president of a law corporation. Appellant challenged the summons in the court below, contending that it was sought solely for the purpose of investigating criminal liability, that the information sought was already in the possession of the IRS, and that the summons violated appellant's fifth amendment rights. The district court enforced the summons without holding an evidentiary hearing. Appellant has appealed, contending that he was improperly denied an evidentiary hearing on these three issues.

1. *Purpose of the IRS Summons*

■ Even accepting appellant's allegations as true, he has not made out a claim of improper purpose under *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). He does not allege that the IRS had already recommended criminal prosecution to the Department of Justice or that the IRS, as an institution, had abandoned the possibility of civil tax liability and was delaying recommending prosecution in order to gather further evidence of crime. Appellant alleges only that the corporation's tax liability for the tax year ending February, 1974, and, he believes, for the tax year ending February, 1975, had already been determined. From this, appellant concludes that information regarding those years was sought solely for the purpose of establishing criminal liabili-

ty. However, the summons was modified to exclude the year ending February, 1974, and in any event assessment of taxes would not preclude assessment of a civil penalty for fraud. Appellant has alleged nothing which suggests that he can meet the "heavy burden" imposed by *LaSalle* on one who seeks to prove that no valid civil purpose exists for issuance of a summons by the IRS. *See* 437 U.S. at 316, 98 S.Ct. at 2367. Appellant's allegations were insufficient to entitle him to an evidentiary hearing on this point.

2. *Information Already in Possession of the IRS*

■ Appellant contended in the court below that the summons was not in good faith because the information was already in the possession of the IRS. *See United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). On appeal, he contends that he was entitled to an evidentiary hearing on this issue.

Although a routine audit had previously been conducted by a revenue agent, such a routine audit does not fulfill the needs of a special agent investigating fraud. *United States v. Lenon*, 579 F.2d 420, 422 (7th Cir. 1978). Therefore the government is not deemed to be in possession of the information. *Id.*

■ Appellant also contends that he was entitled to an evidentiary hearing as to whether the summons constituted a "second inspection" of taxpayer records which is prohibited unless a "second inspection letter" is issued. When a revenue agent discovers indications of fraud and refers the case to a special agent, the special agent is deemed to be merely continuing the investigation so that no second inspection occurs. *United States v. Lenon, supra*, 579 F.2d at 422–23; *United States v. Gilpin*, 542 F.2d 38, 40 (7th Cir. 1976).

No evidentiary hearing was required as to these contentions, since it was clear from

* Honorable George Templar, Senior U.S. District Judge of the District of Kansas, sitting by designation.

**110**

the facts before the district court that they were without merit.

### 3. *Fifth Amendment*

■ The summons sought corporate records in appellant's possession as officer of the corporation. The law of this circuit affords appellant no fifth amendment privilege as to such records. *United States v. Ellsworth*, 460 F.2d 1246, 1248 (9th Cir. 1972); *United States v. Bell*, 448 F.2d 40, 41 (9th Cir. 1971); *Wild v. Brewer*, 329 F.2d 924 (9th Cir.), *cert. denied*, 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 185 (1964).

We conclude that in no respect was appellant entitled to an evidentiary hearing.

### *Breadth of the Summons*

■ The summons requested: "Photocopies of the following records pertaining to the above mentioned taxpayer for the years 7402, 7502 and 7602 including but not limited to:

1. Corporate Minute Books
2. Corporate books of entry such as: (1) cash disbursements journal; (2) general journal; (3) cash receipts journal; and (4) client ledger cards.
3. Bank records for all corporate bank accounts including the operating account, special account, client trust accounts, etc. These records will include monthly ledger sheets, deposit slips, cancelled checks, check registers, etc.
4. Client ledger cards, client logs, appointment books and any other record reflecting the identity of clients of the corporation, during the subject years."

*United States v. Luther*, 481 F.2d 429 (9th Cir. 1973), upheld a summons for records as broad as the summons here in question. It did, however, direct that the summons be modified by limitation in the fashion hereinafter set forth. 481 F.2d at 433.

The order enforcing the summons is affirmed.

The summons will, however, be modified by the following limitation: "Only such items in these categories which reflect the receipt or disbursement of money or relate to financial or property transactions of the corporation or the taxpayer need be presented for inspection."

No costs are allowed.