UNITED STATES of America, Petitioner,

v.

Mark PREUSCH, Custodian of Records of the Las Vegas Metropolitan Police Department, Respondent.

No. CV–S–96–167–PMP (RLH).

United States District Court, D. Nevada.

May 6, 1996.

Bernard J. Knight, Jr., Trial Attorney, Tax Division, U.S. Department of Justice, for petitioner.

Stewart Bell, District Attorney, Las Vegas, NV, for Respondent.

Richard Wright, Las Vegas, NV, for Valerie Carp.

## ORDER

PRO, District Judge.

### I. Background

This action was commenced on February 27, 1996, with the filing of Petitioner United States' Motion for Order to Show Cause (# 1) why Respondent, Mark Preusch, as Custodian of Records for the Las Vegas Metropolitan Police Department ("LVMPD"), should not be required to obey the Internal Revenue Service Summons served upon him on February 14, 1996.

The Summons at issue seeks the production by Respondent to the Internal Revenue Service of "any and all records ... relating to Valerie Carp, ... that were obtained through an executed search warrant on February 17, 1995...."

On April 1, 1996, the Court issued an Order to Show Cause (# 1A) directing LVMPD to appear before the Court and to show cause why the records requested should not be produced in accordance with the IRS Summons. LVMPD did not file an opposition to Petitioner United States' Motion. On March 28, 1996, however, Valerie Carp whose records were sought by the IRS Summons filed a Motion to Intervene and Opposition to Petition to Enforce IRS summons (# 4). The following day, March 19, 1996, the Court conducted a hearing at which counsel for Petitioner United States argued in support of compliance with the IRS Summons and at which Respondent LVMPD assured the Court that the records in question would not be destroyed by the LVMPD pending ruling by this Court on Petitioner's Motion (# 1) and Carp's Motion to Intervene (# 4). Pursuant to the briefing schedule established by the Court on April 15, 1996, the United States filed its Opposition to Valerie Carp's Motion to Intervene and Reply to Valerie Carp's Opposition to Petition to Enforce IRS Summons (# 6). Valerie Carp filed a Reply (# 7) on April 22, 1996.

### II. Facts

In February 1995, Officers of the Las Vegas Metropolitan Police Department executed a search warrant at Valerie Carp's Las Vegas residence. The search warrant had been issued by the Eighth Judicial District Court, Clark County, Nevada, on February 17, 1995, and authorized the seizure of records demonstrating the operation of "... the business of pandering, living off the earnings of a prostitute, and operating an unlicensed escort service for the purpose of prostitution.... Records of items of prostitution transactions, including but not limited to; customers' lists and owe sheets ... An un-

known amount of U.S. currency...." and other items. Various records were seized from Carp's residence pursuant to the search warrant. On July 14, 1995, the Clark County Grand Jury returned an Indictment charging Valerie Carp with the felony offenses of Pandering and Living Off The Earnings Of A Prostitute. Pursuant to plea negotiations, on November 20, 1996, the State of Nevada filed an Amended Indictment charging Valerie Carp with two gross misdemeanor offenses, Conspiracy To Commit Pandering and Conspiracy To Live Off The Earnings Of A Prostitute. Paragraph 3 of the Guilty Plea Agreement filed in State Court on November 20, 1995, provided in part:

> All forfeited items including personal papers, which have no intrinsic value shall be destroyed by the Las Vegas Metropolitan Police Department at the earliest convenient opportunity.

On January 10, 1996, the State Court imposed sentence on Valerie Carp and on February 2, 1996, the Honorable Nancy Becker, District Court Judge of the Eighth Judicial District Court in and for the County of Clark, State of Nevada, issued an Order Directing Destruction of Property which directed that the Las Vegas Metropolitan Police Department "... immediately destroy all items forfeited by Defendant VALERIE CARP, including personal papers, which have no intrinsic value." Before the records in question were destroyed by the LVMPD, however, Respondent Mark Preusch, as Custodian of Records for the LVMPD, received the Internal Revenue Service Summons which is the subject of this action.

Respondent LVMPD now finds itself in the unenviable position of holding records which are the subject of a State Court Order directing their destruction and an Internal Revenue Service Summons directing their production. Valerie Carp, as the Taxpayer who is the subject of the IRS Summons, seeks to intervene in this proceeding for the purpose of opposing efforts by Petitioner United States to enforce the Summons.

### III. Intervention Pursuant to Rule 24(a)

■ Valerie Carp asserts that she has a right to intervene pursuant to Fed.R.Civ.P. 24(a).[1] Carp concedes, however, that she has no statutory right to intervene in these proceedings.[2] *See, e.g., United States v. Exxon Co., U.S.A.,* 450 F.Supp. 472, 476–77 (D.Md. 1978) (26 U.S.C. § 7609(b) allows intervention for those who qualify for notice under § 7609(a)(3) but that section does not apply to records which do not relate to the status of the recipient as a third-party recordkeeper).

■ A taxpayer possesses no absolute right to intervene in a proceeding to enforce a subpoena against a third person. *Donaldson v. United States,* 400 U.S. 517, 530, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). Indeed, intervention under Rule 24(a) in a summons enforcement proceeding is unequivocally permissive, not mandatory. *Id.; Garrett v. United States,* 511 F.2d 1037, 1038 (9th Cir.1975); *United States v. Luther,* 481 F.2d 429, 433 (9th Cir.1973). This is in accordance with the nature of a tax summons proceeding itself, Supreme Court precedent, and the limited application of Rule 24(a) in summons proceedings as established by Rule 81(a)(3). *Donaldson,* 400 U.S. at 528–30, 91 S.Ct. at 541–42; *see* Fed.R.Civ.P. 81(a)(3).[3]

---

1. Fed.R.Civ.P. 24(a) states as follows:

   (a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

2. Section 7609(b) of Title 26 states in part as follows:

   Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.
   26 U.S.C. § 7609(b)(1).

3. Fed.R.Civ.P. 81(a)(3) states in part:

   These rules apply to proceedings to compel the giving of testimony or production of docu-

■ The Court, upon a showing by Carp of a "significantly protectable interest," may permit intervention. *Donaldson*, 400 U.S. at 531, 91 S.Ct. at 542–43. A "significantly protectable interest" may arise when the summons seeks materials protected by an established privilege, such as the attorney-client privilege. *Id.*

Carp asserts that she has a "significantly protectable interest" in the records seized as they were to be destroyed pursuant to a state court order. Carp cites *Church of Scientology of California v. United States*, 506 U.S. 9, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) in support of this proposition.

The Court finds *Church of Scientology* inapposite. In *Church of Scientology*, the Supreme Court considered the narrow question of whether an appeal of an order enforcing compliance with a summons is mooted by actual compliance with the summons, not the underlying question of the enforceability of the summons, and not the propriety of the interest asserted for the intervention of the Church. *Church of Scientology*, 506 U.S. at 12, 113 S.Ct. at 449–50. The Supreme Court held that compliance with the summons enforcement order did not moot the intervenor's appeal. *Id.* at 18, 113 S.Ct. at 452.

In so holding, the Supreme Court stated the language that is quoted in Carp's Motion.[4] *See* Motion to Intervene (# 4) at 7; *Church of Scientology*, 506 U.S. at 12–13, 113 S.Ct. at 449–50. This language does not indicate that "privacy" or other generalized interests are "significantly protectable interests" for the purpose of intervention in a summons proceeding, but merely establishes that for those third parties who have intervened, a remedy may exist following actual compliance with a summons. *See Church of Scientology*, 506 U.S. at 12–13, 113 S.Ct. at 449–50. Indeed, the facts of *Church of Scientology* belie an assertion by Carp that her interests constitute significantly protectable interests: the Supreme Court stated that the Church intervened on its claim of attorney-client privilege over the seized materials, *id.* at 11, 113 S.Ct. at 449, an interest recognized as a "significantly protectable interest" and a basis for such intervention. *See Donaldson*, 400 U.S. at 531, 91 S.Ct. at 542–43.

Carp also asserts that she has a proprietary interest in the records that qualifies as a "significantly protectable interest" because they were to be destroyed pursuant to her criminal plea agreement with the State of Nevada. However, in her plea agreement Carp agreed that the Records had "no intrinsic value" and should be destroyed. The Court finds that any proprietary interest Carp might have had in the records was abandoned when she agreed to have LVMPD destroy them.

The records sought by the IRS Summons are not protected by an established privilege, and Carp has no proprietary interest in them. There is no indication that the sole objective of the Summons is to gather evidence for criminal prosecution. Accordingly, *Donaldson* governs this case, and the Court will deny the Motion to Intervene. Were the Court to do otherwise, the Court "would unwarrantedly cast doubt upon and stultify the Service's every investigatory move." *Donaldson*, 400 U.S. at 531, 91 S.Ct. at 543.

ments in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings.

4. The language quoted is as follows:

[A] court can fashion some form of meaningful relief in circumstances such as these. Taxpayers have an obvious possessory interest in their records. When the Government has obtained such materials as a result of an unlawful summons, that interest is violated and a court can effectuate relief by ordering the Government to return the records. Moreover, even if the Government retains only copies of the disputed materials, a taxpayer still suffers injury by the Government's continued possession of those materials, namely, the affront to the taxpayer's privacy.... Even though it is now too late to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy that occurred when the IRS obtained the information on the tapes, a court does have power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession. The availability of this possible remedy is sufficient to prevent this case from being moot. *Church of Scientology*, 506 U.S. at 12–13, 113 S.Ct. at 449–50.

## IV. Intervention Pursuant to Rule 24(b)

 Taxpayer intervention under Rule 24(b) is by definition permissive, not mandatory, and is subject to the discretion of the Court. *Chen Chi Wang v. United States,* 757 F.2d 1000, 1004 (9th Cir.1985). As stated by the Fifth Circuit in *United States v. Newman,* 441 F.2d 165 (5th Cir.1971), the Supreme Court's decision in *Donaldson* compels rejection of intervention under Rule 24(b). *United States v. Newman,* 441 F.2d 165, 172 (5th Cir.1971).

> It is the intervention in such situation, not the technical basis—as of right or permissive—for permitting it which thwarts and defeats. Clearly the Court did not mean to allow a single District Judge in the exercise of a wide and often undefinable discretion to ignore if not judicially repeal policies prescribed by the Congress.

*Id.* at 172–73. As the Court has found that Carp has failed to establish a significantly protectable interest pursuant to *Donaldson* and Rule 24(a), the Court will deny intervention pursuant to Rule 24(b).

## V. Conclusion

The records which are the object of this litigation have caused all involved significant difficulty. When seized by officers of the LVMPD in February 1995, the records constituted evidence of criminal conduct by Valerie Carp resulting in part in her criminal prosecution in Nevada State Court. Disposition of the records was addressed in plea negotiations by Carp, through her attorneys, and the Clark County District Attorney. By its Order of February 2, 1996, the State Court obviously sought to ensure compliance with Carp's Guilty Plea Agreement. That Order did not, and of course would not, seek to inhibit the lawful efforts of the United States to pursue a legitimate investigation by the Internal Revenue Service. Before their destruction, however, the records became the object of an equally valid IRS Summons which seeks their production as evidence properly within the scope of investigation by the Internal Revenue Service. All parties involved have acted appropriately by placing the matter before the Court for resolution.

Respondent LVMPD has not filed an Opposition to the Motion of the United States to Enforce the Summons, but simply seeks the direction of this Court. Valerie Carp has stated no sufficient grounds to allow her intervention in this case, nor has she asserted claims which would defeat the IRS Summons at issue. Under the circumstances the IRS Summons should be enforced.

IT IS THEREFORE ORDERED that Valerie Carp's Motion to Intervene and Opposition to Petition to Enforce IRS Summons (# 4) is denied.

IT IS FURTHER ORDERED that Petitioner United States of America's Motion for Order to Show Cause (# 1) is Granted, and that Respondent Mark Preusch, as Custodian of Records for the Las Vegas Metropolitan Department, shall forthwith comply with the IRS Summons issued February 14, 1996, by producing the records called for in that Summons to the Internal Revenue Service not later than May 17, 1996.