UNITED STATES of America,
Petitioner,

v.

Sidney BOULWARE, as President of Hawaiian Isles Enterprises, Inc.,
Respondent.

No. CIV.04–00385 HG–KSC.

United States District Court,
D. Hawai'i.

Sept. 20, 2004.

R. Michael Burke, Office of the United States Attorney, Honolulu, HI, Norma J. Schrock, US Department of Justice, Washington, DC, for Plaintiff. Lyle S. Hosoda, Lyle S. Hosoda & Associates, Honolulu, HI, for Defendant.

Dennis E.W. O'Connor, Kelvin H. Kaneshiro, Reinwald O'Connor & Playdon LLP, Honolulu, HI, for Intervenor.

**ORDER OVERRULING MICHAEL BOULWARE'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION THAT THE UNITED STATES' PETITION TO ENFORCE IRS SUMMONS BE GRANTED AND MICHAEL BOULWARE'S MOTION TO INTERVENE BE DENIED and OVERRULING RESPONDENT HAWAIIAN ISLES ENTERPRISES, INC.'S OBJECTION TO FINDINGS AND RECOMMENDATION THAT THE UNITED STATES' PETITION TO ENFORCE IRS SUMMONS BE GRANTED AND MICHAEL BOULWARE'S MOTION TO INTERVENE BE DENIED and ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION FILED JUNE 1, 2004**

GILLMOR, District Judge.

The instant case involves a petition to enforce an Internal Revenue Service summons issued in the course of conducting an investigation of Respondent Hawaiian Isles Enterprises, Inc. The summons, issued to Sidney Boulware in his capacity as President of Hawaiian Isles Enterprises, Inc., seeks records to determine the correct federal tax liabilities of Respondent.

Michael Boulware, Sidney Boulware's brother and part-owner of Hawaiian Isles Enterprises, Inc., filed a motion to intervene in the case. Michael Boulware had been convicted of filing false tax returns, tax evasion, and conspiring to defraud a federally insured financial institution. Michael Boulware had appealed his conviction to the Ninth Circuit, and contended that the Internal Revenue Service was attempt-

ing to gather information in anticipation of the Ninth Circuit reversing his conviction and remanding the case for a new trial.

On June 1, 2004, the Magistrate Judge issued a Findings and Recommendation recommending that the petition to enforce the IRS summons be granted and Michael Boulware's motion to intervene be denied.

Michael Boulware and Respondent Hawaiian Isles now object to that Findings and Recommendation.

Having considered the papers submitted, the record in this case, and the applicable law, the Court:

(1) OVERRULES Michael Boulware's Objections to Magistrate Judge's Findings and Recommendation;

(2) OVERRULES Respondent Hawaiian Isles Enterprises, Inc.'s Objections to Magistrate Judge's Findings and Recommendation; and

(3) ADOPTS, AS MODIFIED, the Magistrate Judge's Recommendation filed June 1, 2004 as the opinion and order of this Court.

### STANDARD OF REVIEW

With respect to motions to enforce, modify, or quash an IRS summons issued pursuant to 26 U.S.C. § 7602, magistrate judges may not issue final orders. *See* 26 U.S.C. § 7402(b); *see also United States v. First National Bank of Atlanta,* 628 F.2d 871, 873 (5th Cir.1980). The district court may, however, refer the matter to a magistrate judge to conduct an evidentiary hearing and submit proposed findings of fact and a recommended disposition. *See* 28 U.S.C. § 636(b)(1).

■ If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. *See United States v.*

*Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. *Raddatz,* 447 U.S. at 673–74, 100 S.Ct. 2406.

■ De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *See Ness v. Commissioner,* 954 F.2d 1495, 1497 (9th Cir.1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. *United States v. Remsing,* 874 F.2d 614, 617–18 (9th Cir.1989).

### FACTUAL AND PROCEDURAL HISTORY

On November 29, 2001, Michael Boulware was convicted of five counts of filing false tax returns for the years 1989 through 1993, four counts of tax evasion for 1994 through 1997, and one count of conspiring to defraud a federally insured financial institution.

Michael Boulware appealed his conviction to the Ninth Circuit Court of Appeals. On September 14, 2004, his conviction was affirmed in part and reversed in part and the case was remanded for further proceedings.

On December 11, 2003, Internal Revenue Service Agent Jordan Lum issued an Internal Revenue Service summons directing Sidney Boulware as President of Hawaiian Isles Enterprises, Inc. to produce documents relevant to the tax investigation of Respondent Hawaiian Isles Enterprises, Inc. On January 13, 2004, Respondent failed to appear and did not produce documents in response to the Internal Revenue Service summons. On April 21, 2004, the

government filed a Petition to enforce the Internal Revenue Service summons.

On April 23, 2004, Judge Samuel P. King issued an Order to Show Cause Why Respondent, Sidney Boulware Should Not be Compelled to Obey the Internal Revenue Service Summons Served Upon Him. On May 14, 2004, Michael Boulware filed a Cross–Motion for Intervention and for Evidentiary Hearing and a Memorandum in Support of Cross–Motion and in Opposition to Order to Show Cause. On May 21, 2004, the government filed an Opposition to Michael Boulware's Motion to Intervene.

On June 1, 2004, the Magistrate Judge held a hearing on the Order to Show Cause Why Respondent Should Not Be Compelled to Obey the Internal Revenue Service Summons. The Magistrate Judge found that the summons in question satisfied the requirements established in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and that Hawaiian Isles Enterprises, Inc. failed to show that the summons was issued in bad faith or as an abuse of process.

The Magistrate Judge also found that Michael Boulware was not entitled to intervene, as he had failed to establish that he possessed a significantly protectable interest in the case. In addition, the Magistrate Judge found that an evidentiary hearing was unnecessary because Michael Boulware had failed to show sufficient doubt as to the purpose of the Internal Revenue Service summons.

On June 1, 2004, the Magistrate Judge issued a written report recommending that the petition to enforce the Internal Revenue Service summons be granted and Michael Boulware's Motion to Intervene be denied.

On June 10, 2004, Hawaiian Isles Enterprises, Inc. filed an Objection to the Magistrate Judge's Findings and Recommendation.

On June 14, 2004, Michael Boulware filed Objections to the Magistrate's Findings and Recommendation.

On June 23, 2004, the government filed Replies to both Michael Boulware's and Hawaiian Isles Enterprises, Inc.'s objections to the Magistrate Judge's Findings and Recommendation.

## ANALYSIS

Michael Boulware, Respondent Sidney Boulware's brother, objects to the Magistrate Judge's findings and recommendation, claiming that: (1) the Magistrate Judge decision to deny his motion to intervene was clearly erroneous; (2) the Court cannot enforce the summons at issue because to do so would be tantamount to an unlawful conditional enforcement; (3) the Internal Revenue Service ("IRS") summons was improperly issued while an IRS referral to the Justice Department remained in effect as to Michael Boulware; and (4) the IRS is using the summons in bad faith for improper purposes.

Respondent Hawaiian Isles Enterprises, Inc. ("Hawaiian Isles") has filed a separate objection to the Magistrate Judge's findings and recommendation, claiming that: (1) the IRS is using the summons for improper purposes—namely, to develop the criminal investigation against Michael Boulware; and (2) the IRS issued the summons in bad faith, evidenced by the IRS's refusal to suspend its examination of Hawaiian Isles pending resolution of the appeal of Michael Boulware's criminal case.

Hawaiian Isles' claims duplicate arguments made by Michael Boulware. Specifically, Hawaiian Isles' claim that the IRS is using the summons for improper purposes is incorporated in Michael Boulware's argument that enforcing the summons would

be tantamount to an unlawful conditional enforcement. Hawaiian Isles' claim that the IRS issued the summons in bad faith, in turn, is incorporated in Michael Boulware's argument that the IRS is using the summons in bad faith for improper purposes.

In order to avoid unnecessary duplication, the Court will address both Michael Boulware and Hawaiian Isles' arguments at the same time.

### 1. Michael Boulware's Right to Intervene

In *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971), the United States Supreme Court considered a taxpayer's motion to intervene in an Internal Revenue Service ("IRS") summons enforcement proceeding. *See id.* at 520–21, 91 S.Ct. 534. The IRS was seeking to enforce a summons served on a third party—the taxpayer's employer—in furtherance of its investigation of the taxpayer. *See id.* The taxpayer claimed, relying primarily on Rule 24(a)(2) of the Federal Rules of Civil Procedure,[1] that he had a protectable interest in barring disclosure of such records. *Id.* at 527–28, 91 S.Ct. 534.

The Supreme Court rejected the taxpayer's interpretation of Rule 24(a)(2). It determined that a taxpayer should not be allowed to intervene whenever the IRS summoned a third party record keeper to produce business records pertaining to the taxpayer. *See id.* at 531, 91 S.Ct. 534. Rather, a taxpayer could only intervene in

a proceeding to enforce a third party summons if he could show a "significantly protectable interest" in the proceeding. *See id.*

Partly in reaction to the perceived threat to taxpayers' civil rights in *Donaldson*, Congress enacted 26 U.S.C. § 7609. *See Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 315, 105 S.Ct. 725, 83 L.Ed.2d 678 (1985). In Section 7609, Congress sought to balance the IRS's interest in using administrative summons with the taxpayers' privacy interests. *See Ip v. United States*, 205 F.3d 1168, 1172 (9th Cir.2000); H.R.Rep. No. 94–658, at 307 (1975), *reprinted in* 1976 U.S.C.C.A.N. 2897, 3203; S.Rep. No. 94–938, pt. 1, at 368–69 (1976), *reprinted in* 1976 U.S.C.C.A.N. 3439, 3797–98.

■ Under Section 7609, a taxpayer may intervene in proceedings to enforce an IRS summons if he is entitled to notice of the summons. Section 7609(a)(1) requires the IRS to give notice of a third party summons to the taxpayer and anyone identified in the summons (other than the person summoned), if the summons requires the giving of testimony or the production of records with respect to that person. *See* 26 U.S.C. § 7609(a)(1).[2] Section 7609(b)(1), in turn, provides that "any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons . . . ." 26 U.S.C. § 7609(b)(1); *see also Tiffany*, 469 U.S. at 316, 105 S.Ct. 725.

---

1. Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that anyone shall be permitted to intervene in a proceeding "when the applicant claims an interest relating to the property or transaction which is the subject of the action and . . . the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that

interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2).

2. 26 U.S.C. § 7609(f) sets forth separate procedures for issuing a John Doe summons, where the IRS does not know the taxpayer's identity. *See id.*

■ A taxpayer may not intervene, however, if the IRS summons a business for records it maintains for its own purposes, even if the records in question are incidentally related to the taxpayer. *See Rapp v. Commissioner of Internal Revenue*, 774 F.2d 932, 934 (9th Cir.1985) ("[w]here records are maintained by the summoned business for its own purposes, even though they relate incidentally to the taxpayer, no third-party record keeper relationship exists and the taxpayer is not entitled to notice of a summons seeking such records").

It is unclear to what extent the intervention standard set forth in Section 7609 has supplanted the *Donaldson* Court's "significantly protectable interest" standard. In *Tiffany*, the Supreme Court stated that in enacting Section 7609, "Congress overturned the result reached in *Donaldson*," 469 U.S. at 316, 105 S.Ct. 725, suggesting that the Rule 24(a) standard was no longer applicable to IRS summons enforcement proceedings. There is precedent, however, for a continued role for the "significantly protectable interest" standard in determining who may intervene in IRS summons enforcement proceedings. *See, e.g., United States v. Preusch*, 924 F.Supp. 1021, 1023–24 (D.Nev.1996). The Court finds it unnecessary to decide this issue, however, as Michael Boulware is not entitled to intervene under either standard.

■ First, Michael Boulware is not entitled to intervene under Section 7609. The summons in question was issued to Sidney Boulware, Michael Boulware's brother, in his capacity as President of Hawaiian Isle Enterprises, Inc. The summons sought records maintained by Hawaiian Isles, in order to determine the correct federal tax liability of Hawaiian Isles.

Some of the requested documents are incidentally related to Michael Boulware.

(*See, e.g.,* Michael Boulware's Objections to Magistrate's Findings and Recommendation, Ex. A, Attachment A, ¶¶ 11(c); 22(a); 24; and 25.) Such documents, however, are kept for the purposes of the business and do not give Michael Boulware the right to notice or the right to intervene. *See* 26 U.S.C. § 7609(b)(1).

■■ Second, Michael Boulware does not have a "significantly protectable interest" in the proceeding. *Donaldson*, 400 U.S. at 530–531, 91 S.Ct. 534. Under the *Donaldson* standard, a taxpayer has a "significantly protectable interest" in a judicial proceeding "where there has been an abuse of legal process or where some privilege will be violated by enforcement." *United States v. Bank of California*, 424 F.Supp. 220, 224 (N.D.Cal.1976) (citing *Donaldson*, 400 U.S. at 531, 91 S.Ct. 534; *Garrett v. United States*, 511 F.2d 1037, 1038 (9th Cir.1975)).

Michael Boulware contends that there has been an abuse of process because the summons was issued: (1) in bad faith; (2) solely for criminal investigatory purposes; and (3) after the criminal prosecution against Michael Boulware was referred to the Department of Justice. As discussed *infra*, the Court finds that the summons was issued for a legitimate purpose. Michael Boulware does not have a "significantly protectable interest" and does not have a right to intervene in this case.

### 2. Michael Boulware's Objections to the IRS Summons

■ In order to obtain enforcement of a summons, the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all administrative steps required by the Unit-

ed States Code. *Powell,* 379 U.S. at 57–58, 85 S.Ct. 248. The government's burden is "a slight one" and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons establishing that the *Powell* requirements have been met. *Fortney v. United States,* 59 F.3d 117, 120 (9th Cir.1995).

Once a prima facie case is made, a "heavy" burden is placed on the taxpayer to show an abuse of process or lack of good faith. *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1414 (9th Cir.1993). The taxpayer must allege specific facts and evidence to support his allegations. *See United States v. Jose,* 131 F.3d 1325, 1328 (9th Cir.1997).

The Court finds that the IRS has made its prima facie case. The IRS submitted a declaration from examining agent Jordan Lum establishing that the summons in question meets the four *Powell* requirements. Specifically, the declaration established that: (1) the summons was issued for a legitimate purpose, as part of the IRS's tax examination; (2) the information sought through the summons may be relevant to the tax examination, especially as the information could help the IRS determine the correct federal tax liabilities of Hawaiian Isles; (3) with the exception of the trust document requested in Request No. 23, the summons seeks documents not already within the IRS's possession; and (4) all administrative requirements have been met with regard to the summons.

As the IRS has met the four *Powell* requirements, the burden shifts to Michael Boulware. Unless he can show an abuse of process or lack of good faith, the IRS summons, with the exception of Request No. 23, will be enforced.

Michael Boulware sets forth three arguments in support of his objections. First, he argues that the entire summons is unenforceable because some of the information sought in the summons is irrelevant to a legitimate investigation of Hawaiian Isles. Second, Michael Boulware contends that the IRS summons was issued improperly because the IRS's referral of his case to the Justice Department remains in effect. Lastly, Michael Boulware contends that the IRS is using the summons in bad faith for improper purposes.

### 1. Conditional Enforcement

Michael Boulware argues that if some of the information sought in the summons is irrelevant, the entire summons is unenforceable. He claims that enforcing such a summons would be tantamount to a conditional enforcement, which is prohibited in the Ninth Circuit. *See Jose,* 131 F.3d at 1329.

Michael Boulware's interpretation of the conditional enforcement doctrine is questionable. In *Jose,* the District Court of Hawaii had enforced an IRS summons under the condition that the IRS Examination Division give the respondent five days notice before transferring the summoned documents to any other division within the IRS, including the Criminal Investigation Division. *See id.* at 1326. The Ninth Circuit Court of Appeals found the practice improper, as "[t]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith." *Id.* at 1329 (quoting *United States v. Barrett,* 837 F.2d 1341, 1349 (5th Cir.1988) (en banc)). Under *Jose,* the Court's authority is "strictly limited to enforcing or denying IRS summonses." *Id.*

It is uncertain whether the holding in *Jose* is limited to the facts of that case. It is clear that a district court can no longer restrict the IRS's use of the summoned material. *See id.* at 1326. It is less clear,

however, whether *Jose* reaches the district court's long-standing authority to modify the scope of the summons with respect to the information demanded. *See, e.g., United States v. Luther,* 481 F.2d 429, 433 (9th Cir.1973); *United States v. Popkin,* 623 F.2d 108, 110 (9th Cir.1980).

Even assuming that Michael Boulware's interpretation is correct, Michael Boulware has failed to show that the requested documents are irrelevant to the underlying tax investigation of Hawaiian Isles. Agent Lum's declaration establishes that the information sought in the IRS summons is required to determine the correct tax liability of Hawaiian Isles from June 30, 1998 to June 30, 2002.

Michael Boulware accuses the IRS of attempting to gather evidence against him in anticipation of the Ninth Circuit reversing his conviction and remanding the case for a new trial. He fails to allege sufficiently specific facts or evidence, however, to show that the summoned documents are irrelevant to the investigation of Hawaiian Isles. *See Jose,* 131 F.3d at 1328.

In Requests Nos. 1, 2, and 26, the IRS seeks documentation pertaining to transactions between Hawaiian Isles and Michael Boulware's ex-girlfriend, Jin Sook Lee. Requests Nos. 4, 5, and 6 seek information pertaining to payments to and from Michael Boulware's ex-wife, as well as her ownership interest in Hawaiian Isles. Michael Boulware claims that the IRS intends to use these documents to undermine his potential defenses if he receives a new trial.

In his declaration, however, Agent Lum illustrated how the information was relevant to his investigation. Evidence of transactions between Hawaiian Isles and Michael Boulware's ex-girlfriend, who was acting as trustee of the "Glenn Lee Boulware Trust" and as a video consultant, were relevant to determining the veracity of Hawaiian Isles' reported operating losses. Similarly, Lum's declaration indicated that Hawaiian Isles may have made payments to Michael Boulware's ex-wife pursuant to a divorce decree, then attempted to deduct the payments as business expenses.

In Request No. 3, the IRS seeks documentation pertaining to Hawaiian Isles' earnings and losses reported for the years 1992 through 1998. Michael Boulware claims that the IRS intends to use the information sought in a new trial, but without alleging specific facts or evidence to support his claim. Such claims are clearly contradicted by Agent Lum's declaration, which stated that the documents sought in Request No. 3 are necessary to determine whether the operating losses reported by Hawaiian Isles are correct.

Lastly, Michael Boulware contends that Requests Nos. 22, 23, 24, and 25 pertain to Hawaiian Isles' ownership which is irrelevant to the tax investigation. He also claims that the IRS already knows Hawaiian Isles' stock ownership information. Agent Lum's declaration, however, indicates that the IRS is not summoning the documents to determine Hawaiian Isle's ownership. Rather, the IRS is attempting to ascertain whether payments to shareholders have been improperly deducted as business expenses. In addition, Michael Boulware fails to allege any facts or evidence indicating that the IRS already knows the identities of Hawaiian Isles' shareholders.

## 2. Issuance after a Justice Department Referral

26 U.S.C. § 7602(d)(1) provides that "[n]o summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect

with respect to such person." 26 U.S.C. § 7602(d)(1).

■ Michael Boulware contends that the IRS summons was improperly issued because a Justice Department Referral is currently in effect as to himself. This argument also fails, however, because the summons in question was issued to Sidney Boulware as President of Hawaiian Isles. It is undisputed that a Justice Department Referral is in effect as to Michael Boulware, but currently there is no Justice Department Referral in effect as to Sidney Boulware or Hawaiian Isles.

In addition, the Declaration of Agent Lum firmly establishes that the IRS summons seeks information relevant to the federal tax liabilities of Hawaiian Isles, not Michael Boulware.

### 3. Improper Purposes

■ Michael Boulware argues that the IRS is using the summons for improper purposes. Specifically, Michael Boulware contends that the IRS's refusal to postpone its audit of Hawaiian Isles until Michael Boulware's criminal appeal has been completed is evidence of bad faith, and the IRS has improperly been in contact with the United States Attorney who prosecuted Michael Boulware in the criminal case.[3]

■ Michael Boulware contends that, because Hawaiian Isles has offered to enter into an agreement to maintain the status quo, there is no good faith reason for the IRS to refuse to postpone its audit. Michael Boulware's argument is unpersuasive. As stated in the Petitioner's reply to Respondent Hawaiian Isles' Objection, it may be years before all the appeals available to Michael Boulware are exhausted, and the IRS has the discretion to pursue examination of Hawaiian Isles.

---

3. Michael Boulware also reiterates his claim, discussed and rejected above, that the summons seeks information that is not relevant to

■ Michael Boulware also claims that the IRS engaged in an improper communication with the United States Attorney who prosecuted Michael Boulware. Courts may consider communications between IRS investigating agents and the Department of Justice in determining whether the IRS issued the summons for the sole purpose of collecting evidence for use in a criminal prosecution. *See, e.g., Hintze v. Internal Revenue Service,* 879 F.2d 121, 128 (4th Cir.1989), *overruled on other grounds, Church of Scientology of California v. United States,* 506 U.S. 9, 15 n. 8, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992).

In the instant case, however, the contact between the IRS and the Department of Justice does not suggest that the IRS summons was actually intended to gather information for the ongoing investigation of Michael Boulware. In response to the IRS's inquiry whether the tax audit of Hawaiian Isles would impact the ongoing criminal prosecution of Michael Boulware, the Department of Justice indicated that it would not. The mere fact that the IRS received advice from the Department of Justice on whether the current IRS summons would affect Michael Boulware is not enough to show an improper purpose.

In summary, the IRS has met the four *Powell* requirements, but Michael Boulware has failed to satisfy his burden of showing an abuse of process or lack of good faith. The IRS summons, with the exception of Request No. 23, will be enforced.

### 3. *Michael Boulware's Request for an Evidentiary Hearing.*

■ Michael Boulware claims that he is entitled to an evidentiary hearing in

the determination of Hawaiian Isles' tax liability.

order to present additional facts in support of his opposition to the IRS's attempt to enforce the summons. The Court disagrees.

 In the Ninth Circuit, "[i]f, by [specific] facts and evidence, the party is able to raise sufficient doubt about the government's motive for issuing the summons, the district court must hold a limited evidentiary hearing 'to determine whether further inquiry into the Service's purposes by way of discovery is warranted." ' *United States v. Tanoue,* 94 F.3d 1342, 1346 (9th Cir.1996) (quoting *United States v. Church of Scientology of California,* 520 F.2d 818, 825 (9th Cir.1975)).

As discussed *supra,* Michael Boulware has failed to provide specific facts or evidence in support of his claims. Having failed to raise sufficient doubt about the government's motive for issuing the summons, Michael Boulware is not entitled to an evidentiary hearing.

### CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED that:

(1) Michael Boulware's Objections to the Magistrate Judge's Findings and Recommendation are OVERRULED;

(2) Respondent Hawaiian Isles' Objection to the Magistrate Judge's Findings and Recommendation is OVERRULED; and

(3) the Magistrate Judge's Findings and Recommendation Filed June 1, 2004 are ADOPTED as the opinion and order of this Court, with the following modification:

On page 9, line 9, insert "with the exception of Request No. 23," after "requested in Attachment A".

IT IS SO ORDERED.